## LOUIS CURRY *v.* THE STATE.*

### (*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

**1. CRIMINAL LAW.   Separate indictments.   Kindred offenses. Trial.**

Upon different indictments charging separate offenses growing out of the same act, the defendant by consent may be put on trial upon both. The court may direct the jury to return verdict of not guilty as to one offense, the state having elected to prosecute upon the other, and such withdrawal of one indictment does not entitle a new trial on the other.   (Post, p. 99.)

**2. SAME.   Assault with intent to kill.   Assault with intent to rob.**

Although the statute makes a distinct crime where death does not ensue, yet a conviction upon an indictment for an assault with intent to commit murder in the first degree, will be sustained if the additional elements of premeditation and deliberation are proven, and the facts establish both an intent to kill and the intent to rob.   (Post, p. 101.)

Citing and distinguishing.   Floyd v. State, 3 Heisk. (50 Tenn.), 342. Code 1858,. sec. 4626; Shannon's Code, sec. 6467.

**3. SAME.   Charge.   Request for additional instructions.**

When the court can see that the instructions given are sufficient in the absence of a request for additional instructions, a new trial will be refused, such question must likewise be made on motion for new trial.   (Post, p. 103.)

**4. SAME.   Withdrawal of testimony from jury.   New trial not granted, when.**

Where the testimony received, subsequently is regarded by the court as incompetent and excluded, the jury being instructed to disregard same; a motion for new trial on the theory that some member of the jury may have disregarded, the courts in-

struction will be refused; when it appears that witness whose testimony is excluded had been examined touching competency of same, in absence of jury, before testifying when the examination made a prima-facie case of competency, and appellant did not ask that all of the evidence be heard, before testimony was submitted to jury and afterwards excluded. (Post, p. 103.)

5. **CRIMINAL LAW. Alibi.**
The amount of credit and weight to which evidence of an alibi is entitled are questions primarily for the jury and trial judge. (Post, p. 100.)

**Citing** Mahon v. State, 127 Tenn., 535-9.

---

FROM HAMILTON.

---

Appeal in error from Hamilton County Criminal Court. —HON. FLOYD ESTILL, Judge.

H. C. McCALLA and J. C. NIPPER, for appellant.

W. F. BARRY, JR., Assistant Attorney-General, for appellee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiff in error, Louis Curry, a negro man about thirty-five years of age, has appealed from a judgment rendered upon a conviction for an assault with intent to commit murder in the first degree. The jury fixed the maximum punishment of the plaintiff in error at confinement in the penitentiary for a term of twenty-one years.

It is assigned as error that there is no evidence to support the verdict, and that the preponderance of the evidence is against the verdict.

It is contended that the evidence does not show an assault with intent to commit murder in the first degree by any one, and that the preponderance of the evidence supports the contention of the plaintiff in error that he was not present at the scene of the offense, and, therefore, could not be the guilty person.

On the night of April 18, 1925, about 7:30 p. m., the prosecutor, O. A. Curry, was seated near the cash register in his store, in one of the suburbs of Chattanooga. The prosecutor's wife was seated nearby, holding a child of two years in her lap. A negro man entered the store, which was well lighted, and the prosecutor arose, thinking he was a customer. Without warning and without making any statement the negro presented a pistol and fired a shot into the prosecutor's chest. He then turned as if to fire at the woman, but the prosecutor jumped between the negro and his wife and received the shot in his shoulder, which was evidently intended for the woman. The prosecutor and his wife left the store room in flight, and a third shot was fired at the prosecutor, which struck the button on the top of his cap. The negro then opened the cash register, and a subsequent check disclosed that some $25 or $30 was missing.

This evidence clearly shows that the purpose of the negro in entering the store and in shooting the prosecutor was to commit robbery; and it is contended for the plaintiff in error that the shooting of the prosecutor could only be prosecuted as an assault with intent to commit robbery, and not as an assault with intent to commit murder in the first degree.

The plaintiff in error relies upon certain language found in the opinion of this court in *Floyd* v. *State,* 3

154 Tenn.—7.

Heisk. (50 Tenn.), 342, wherein the court said that if injuries are inflicted in the perpetration of a robbery and death results, the offense is murder in the first degree, by express provision of our statutes, but that if in such a case death does not ensue from the injuries inflicted, "it is not an assault with intent to commit murder in the first degree, but an assault with intent to commit robbery, a separate and distinct felony, under a different section of the Code."

In *Floyd* v. *State,* supra, the court had under consideration whether an assault with a deadly weapon, committed by a person while lying in wait, constitutes an assault with intent to commit murder in the first degree, without the necessity of proof that the assault was made with the deliberate and premeditated purpose to kill, or whether in such a case the deliberate and premeditated purpose to kill is a question of fact which the jury must find. The language of that opinion, relied upon by the plaintiff in error in the present case, was used by the court in arguing the meaning of section 4626 of the Code of 1858 (Shannon's Code, all editions, sections 6467), defining the offense of an assault with intent to commit murder in the first degree. The conclusion reached by the court in the case cited was that in every case, except where a poison or potion is administered or offered as a means of homicide, and death does not ensue, the elements of deliberation and premeditation must be proved before there can be a conviction for an assault with intent to commit murder in the first degree. Therefore, the court said that if injuries are inflicted in the commission of a robbery and death ensues, it is murder in the first degree under section 4598 of the Code of 1858, but if

death does not ensue the offense is an assault with intent to commit robbery; but the language used by the court does not constitute a holding that if the additional elements of premeditation and deliberation are proved, and the injuries are such as to warrant an inference of an intent to kill, the offense may not be successfully prosecuted as an assault with intent to commit murder in the first degree. If the facts of the particular case are such as to establish both the intent to kill and the intent to rob; we are not able to find any reason why the State may not prosecute for either intent.

In the present case the facts show that the prosecutor's assailant entered the store with a deadly weapon in position for instant use; that the weapon was fired at the prosecutor at close range without any effort at violence or resistance on the part of the prosecutor, this being followed by an apparent effort to kill the prosecutor's wife, and by the third shot fired at the prosecutor as he was in flight, as above detailed. We think it was a question of fact within the province of the jury to find whether the assailant did not enter the store with the deliberately preconceived and premeditated purpose and intent to shoot and kill the prosecutor in furtherance of his ultimate purpose to rob him. The jury having found that these elements were present in the assault, we think the verdict is supported by the evidence.

The plaintiff in error was positively identified by both the prosecutor and his wife. A young woman testified that she saw the plaintiff in error enter the store, or on the front porch of the store, with a pistol in his hand, and she identified him. Other witnesses saw the plaintiff in error with a pistol in his possession about noon of

the same day, and this the plaintiff in error admits. Other witnesses saw him and identified him in the vicinity of the store in the late afternoon.

The plaintiff in error did not offer evidence to corroborate his testimony as to his movements during the afternoon. He offered the testimony of two witnesses, George and Ike Grayson, to the effect that the plaintiff in error came to their respective homes about 7 p. m. The principal witness offered by the plaintiff in error, however, is Laura Swafford, a negro woman, who was offered after the State had closed its rebuttal testimony, and who testified that the plaintiff in error came to her house about 7 p. m., and remained there until the following morning. This testimony of Laura Swafford not only fails to corroborate the testimony of the plaintiff in error, but is in direct conflict with the plaintiff in error's testimony.

The plaintiff in error stated on his cross-examination that he went to the homes of Ike and George Grayson at 7:30, and then went to a moving picture place, and he made no claim that he was at the home of Laura Swafford at any time on the night the prosecutor was shot.

The reliability of the identification of the plaintiff in error by the prosecutor and his wife, the extent to which their identification was weakened by the alleged discrepancies pointed out on the brief of the plaintiff in error, with regard to the clothing worn by the guilty person, whether he had a mustache or not, and the amount of credit and weight to which the evidence of an alibi was entitled, were all questions primarily for the jury and trial judge. *Mahon* v. *State,* 127 Tenn., 535, 539. We deem it sufficient to say that with the contradiction here-

inabove pointed out, and other weaknesses appearing on the face of the testimony offered for the plaintiff in error, we are wholly unable to find a preponderance of the evidence in favor of the innocence of the plaintiff in error.

The record shows that a separate indictment was returned against the plaintiff in error charging him with an assault upon the prosecutor, with intent to commit robbery. By consent the plaintiff in error was put to trial upon both indictments at the same time.

In his charge to the jury the trial judge instructed them that the plaintiff in error could not be convicted for both offenses, and that, with the consent of the State, the jury were directed to return a verdict of not guilty on the indictment charging an assault with intent to commit robbery, the State having the right to elect to prosecute the plaintiff in error on the other indictment because the offense therein charged carried the greater penalty.

This action of the trial judge is assigned as error.

While we think the trial judge might have submitted both indictments to the jury, we cannot find that the action of the trial judge in withdrawing one indictment entitles the plaintiff in error to a new trial on the other. The action of the trial judge simply confined the issue submitted to the jury to the question of whether the assault was committed with the deliberate and premeditated intent to kill.

During the progress of the trial Dr. R. O. Curry, father of the prosecutor, testified that he visited the plaintiff in error in jail and asked him why he had shot his boy; that the plaintiff in error replied that he shot because the prosecutor got up, and that he shot at the prosecutor's wife because he was scared. Objection was made

to the admission of this testimony on the ground that it revealed a confession which was not voluntarily made. Dr. Curry was examined in the absence of the jury, and testified that the statements he ascribed to the plaintiff in error were made voluntarily and without any inducement or persuasion of any kind. Dr. Curry's testimony made out a *prima facie* case of competency for the alleged confession; but after the plaintiff in error had testified, and the court had heard the testimony of a deputy sheriff, offered as a rebuttal witness, as to the treatment of the plaintiff in error while he was in custody, the trial judge reached the conclusion that the plaintiff in error had been so treated by those in charge of him before Dr. Curry's visit that his statements to Dr. Curry were not voluntary and were not competent in evidence against him. The trial judge then instructed the jury that all evidence as to a confession was withdrawn from them, and that they were not to give any consideration to the testimony of Dr. Curry with regard to any statements made to him by the plaintiff in error.

It is assigned as error that the rights of the plaintiff in error were not sufficiently protected by the withdrawal of this evidence from the jury's consideration, and that the plaintiff in error is entitled to a new trial because the jury heard the testimony of Dr. Curry, which was subsequently withdrawn. It is, of course, impossible to say with certainty that some member or members of the trial jury did not disregard the instructions of the trial judge, but we do not find any bad faith or improper practice on the part of the officers of the State who offered the testimony of Dr. Curry, and we think the trial judge did everything in his power to prevent any prejudice to the

plaintiff in error. The plaintiff in error did not ask the trial judge to hear all of the evidence with regard to the alleged confession before Dr. Curry's testimony was permitted to go to the jury. He only asked that Dr. Curry be examined in the absence of the jury, and that examination made a *prima-facie* case of competency. Under these circumstances we do not think the plaintiff in error is entitled to a new trial on the theory that some member of the jury might have disregarded the instructions of the trial judge that the testimony of Dr. Curry should not be considered.

An assignment of error is made that the trial judge failed to instruct the jury sufficiently with regard to the effect to be given to the evidence relied upon to establish an alibi.

The jury were instructed that the defense of an alibi "is the most complete defense that can be interposed to a criminal charge," but the trial judge did not instruct the jury that if the evidence of an alibi, in connection with the other evidence, raised a reasonable doubt in the minds of the jury as to the innocence of the plaintiff in error, he should be acquitted. The jury were instructed generally, in the usual form, that the plaintiff in error was presumed to be innocent, and that it was incumbent upon the State to establish the guilt of the plaintiff in error beyond a reasonable doubt before there could be a conviction. The plaintiff in error did not tender a special request for additional instructions with regard to the evidence of an alibi, and, in the absence of a request for additional instructions, we think the instructions given were sufficient. Furthermore, we find that the plaintiff in error failed to make this question in his motion

for a new trial, there being no ground of the motion attacking this part of the charge.

Other assignments of error present questions dependent upon those assignment hereinabove considered.

We find no reversible error on the record and the judgment of the lower court will be affirmed.