**William COLE, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

July 2, 1973.

Certiorari Denied by Supreme Court
Sept. 4, 1973.

Arvin H. Reingold, DiRisio & Reingold, Chattanooga, for plaintiff-in-error.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, David H. Rotroff, Asst. Dist. Atty. Gen., Chattanooga, for defendant-in-error.

## OPINION

DWYER, Judge.

William Cole, appellant, hereinafter referred to as the defendant, was convicted by a jury for committing the offense of armed robbery with resulting sentence of confinement in the penitentiary for twenty-five years. From the judgment duly pronounced thereon he has, through retained counsel, seasonably perfected this appeal.

There are three assignments of error filed and argued urging reversal of this conviction. They are: (1) the trial court erred in allowing into evidence the transcript of the preliminary hearing in city court; (2) the trial court erred in its failure to charge the law on circumstantial evidence; and (3) the trial court erred in overruling defendant's motion for a new trial on the ground that the eye witness testimony was insufficient as a matter of evidence to support the verdict.

The following is the evidence, accredited by the jury, as we have found from our reading of the record. See Pryor v. State, 217 Tenn. 695, 697, 400 S.W.2d 700.

The Red Food Store located in Hamilton County was closed for business around 10:00 p. m. on the night of April 28, 1972, by Terry Jeffers the assistant manager. On leaving the grocery he drove across the street to a pay telephone to call his fiancee. While seated in his automobile talking on the telephone he heard a tap on his window, and on looking he saw a gun and got a glimpse of a man standing alongside his car. He was instructed to hang up the phone and open the car door. When he did this the man entered, telling Jeffers that if he looked at him he would kill him. He was then instructed to drive to the

store. The intruder stated that he knew that Jeffers had the keys to the store and the combination to the safe and that he wanted what was in it. On the way across to the store Jeffers noticed a green Chevrolet Nova that he had seen on leaving the store, and he noticed that only one man was then in it. The armed man asked him if he knew who was in the green Nova he had just seen. When they arrived at the store Jeffers unlocked the door, they went in, and he opened the safe. The holdup man placed the money in a bag. When the holdup man bent down to remove a $50 bill from the safe, Jeffers saw his reflection in the plate glass window for approximately five seconds. Jeffers later stated that because of the lighting conditions, the window was "just like a mirror." He described the robber as a "heavy-set man with a beard . . . long black hair, or dark hair." He was then taken back to his car where he was tied and taped to the steering wheel. He heard a car drive up, the holdup man apparently got in, and the car left. He worked free and immediately reported the holdup. The holdup man absconded with approximately $7,500.

The next day an investigating officer checked on a report of a Chevrolet automobile that had been found completely demolished as a result of fire. A check of the registration was conducted which resulted in the officer interviewing the owner. During this interview at the owner's home the officer noticed in a back room the defendant, who fit the description of the holdup man. This officer then returned to headquarters, got five or six photographs, one of which was of the defendant, and showed them to Jeffers with his identifying Cole.

A warrant was issued; and the arrest was made the following day, at which time another identification of Cole was made by Jeffers at the lineup. He identified him by sight and voice.

The defendant did not testify but offered the secretary of defense counsel as a witness who related that she saw Cole on the date of the robbery in their office and he had no beard at that time.

■ His first assignment of error, contending the trial court erred in allowing into evidence the transcript of the preliminary hearing in city court, came about in this manner. When Jeffers the victim was being cross-examined, defense counsel was asking about prior answers he had given in city court. Counsel was using and referring to selected portions of the transcript of the city court proceeding. The state asked that the transcript be introduced in its entirety, which was done. On motion, only the portion pertaining to the testimony of Jeffers was submitted to the jury. A reading of the examination and the testimony as given in city court fails to reflect, when read in its entirety, grave conflicts in the prior testimony. In other words, the specific questions from the transcript, taken out of context, would not convey the true picture of the whole testimony. We feel that the introduction of the entire testimony of Jeffers at the city court hearing, even though procedurally not correct, was not prejudicial. Here the jury was given the opportunity to exercise its prerogative as to the weight to be given a witness's testimony by comparing all of the prior testimony, including its discrepancies, with the testimony given at trial. The fact that the transcript contains prior consistent statements does not, of itself, call for its exclusion under these circumstances. See Legere v. State, 111 Tenn. 368, 374, 77 S.W. 1059. In fact, some of our sister states have extended that principle to the point where a party attempting to impeach a witness through prior testimony is compelled to use all of that testimony. See People v. Plummer, 37 Mich.App. 657, 195 N.W.2d 328, and Preston v. State, Okl.Cr., 492 P.2d 376. To permit the defendant to refer to isolated unexplained responses by Jeffers in the transcript would not be fair play. See Bright v. State, 191 Tenn. 249, 232 S.W.2d 53, 56. The assignment is overruled.

The defendant next contends the court erred in not charging the law on circumstantial evidence. The record reflects no special request tendered or submitted by the defendant. When as here there may be found both direct and circumstantial evidence in the record it is not error for the court not to charge on circumstantial evidence in the absence of a request. See Monts v. State, 214 Tenn. 171, 379 S.W.2d 34, 40. This unbriefed assignment is accordingly overruled. See Rule 15 of the Rules of the Supreme Court, duly adopted by this court.

He lastly contends the trial court erred in overruling his motion for a new trial, reasoning that the evidence is insufficient to support the verdict. His argument in support of this assignment flows from the identification of the defendant by the victim Jeffers. He reasons that Jeffers only saw defendant's reflection in the glass, which itself is suspect. He further reasons that the victim's description as to his height and having a beard varied and was not correct as evidenced by the secretary's testimony that the defendant did not have a beard on the date of the robbery. Further, he asserts that the lineup was unfair in that defendant was a standout. However, Jeffers identified the defendant from photographs shown to him by the officer the day after the event. He then identified the defendant at the lineup by sight and by voice. There is further proof that the burned Nova led the officer to the address where the defendant was viewed by this officer. This officer then returned to headquarters and got photographs, one of which was of the defendant, and when viewed by Jeffers led to the identification of the defendant. The identification is a question for the jury. See Curry v. State, 154 Tenn. 95, 100, 290 S.W. 25; Stubbs v. State, 216 Tenn. 567, 572, 393 S.W.2d 150; Biggers v. State, 219 Tenn. 553, 557, 411 S.W.2d 696; 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267; reh. den., 390 U.S. 1037, 88 S.Ct. 1401, 20 L.Ed.2d 298; Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 382, 34 L.Ed.2d 401. From our relation of the facts we find a sufficiency of the evidence to sustain the verdict. The defendant has not carried his burden here to show the evidence preponderates against his guilt and in favor of his innocence. See Sloan v. State, Tenn.Cr.App., 491 S.W.2d 858, 859. The assignment is accordingly overruled.

The judgment of the trial court is affirmed.

WALKER, P. J., and OLIVER, J., concur.