# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

MARCH 1997 SESSION



**FILED**

**December 4, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

|  |  |  |
|---|---|---|
| **WILLIE DEMORRIS LOCUST,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 02C01-9611-CC-00392 |
| | ) | |
| vs. | ) | Dyer County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. Joe G. Riley, Judge |
| | ) | |
| Appellee. | ) | (Post Conviction) |
| | ) | |


FOR THE APPELLANT:

LANCE WEBB
Attorney at Law
P.O. Box 26
Union City, TN 38261

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

LISA A. NAYLOR
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

C. PHILLIP BIVENS
District Attorney General

KAREN WINCHESTER
Asst. District Attorney General
P.O. Drawer E
Dyersburg, TN 38024

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

## OPINION

The petitioner, Willie Demorris Locust, appeals the Dyer County Circuit Court's denial of his petition for post conviction relief. Locust is incarcerated in the Department of Correction for his convictions of aggravated sexual battery and aggravated burglary, for which he received an effective ten year sentence that he is serving consecutively to a twenty year sentence for aggravated rape and aggravated burglary and an assault sentence of undisclosed length. See State v. Locust, 914 S.W.2d 554 (Tenn. Crim. App.) (aggravated sexual battery and aggravated burglary), perm. app. denied (Tenn. 1995); State v. Willie Demorris Locust, No. 02-C-01-9404-CC-00075 (Tenn. Crim. App., Jackson, Oct. 5, 1994) (aggravated rape and aggravated burglary), perm. app. denied (Tenn. 1995). In this appeal, he claims the lower court erred in denying him relief on three issues:

1.  Whether the indictment is defective and his conviction of aggravated sexual battery is therefore void.

2.  Whether the trial judge failed to instruct the jury on lesser included offenses, thereby depriving him of his constitutional right to a trial by jury.

3.  Whether he was afforded the effective assistance of counsel at his trial and on direct appeal.

Following a review of the record, we affirm the lower court's dismissal of Locust's petition.

Locust's petition was filed on February 1, 1996. As such, the Post Conviction Act of 1995 controls. Accordingly, Locust has the burden of establishing by clear and convincing evidence that he is entitled to post-conviction relief. Tenn. Code Ann. § 40-30-210(f) (1997).

## I

First, Locust questions whether count one of the indictment against

him sufficiently alleges the crime of aggravated sexual battery.[1]  He relies on this court's opinion in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996), perm. app granted (Tenn., Jan. 6, 1997).  Since the time of the defendant's submission of the Hill case as controlling authority, our supreme court has reversed this court's decision in Hill.  See State v. Hill, --- S.W.2d ---, No. 01-S-01-9701-CC-00005 (Tenn. Nov. 3, 1997).  Nevertheless, we will address the defendant's claim under the law as it has been announced by the Tennessee Supreme Court.

The question raised in Hill is whether a charging instrument which charges a defendant with a crime that by its statutory terms does not expressly require a culpable mental state is legally sufficient under the Sentencing Reform Act of 1989, where the instrument does not allege a culpable mens rea.  Hill, --- S.W.2d at ---, slip op. at 2.  The Sentencing Reform Act of 1989 requires a culpable mental state in order to establish an offense unless the statutory definition of the crime "plainly dispenses with a mental element." Tenn. Code Ann. § 39-11-301(b) (1997).

The supreme court in Hill said that a charging instrument which does not allege a culpable mental state, the statutory definition of the crime not plainly

---

[1]Locust acknowledges in his brief this issue was not raised at the hearing; however, he seeks to avoid the waiver rule applicable to issues not raised in the lower court in a post conviction proceeding by arguing that this court's opinion in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996), rev'd, No. 01-S-01-9701-CC-00005, --- S.W.2d --- (Tenn. 1997), was released only a few days before the evidentiary hearing in this case and was not publicized in Tennessee Attorney's Memo until after the evidentiary hearing. The state points out that Locust could have raised the issue at trial or on direct appeal, but did not, and his failure to do so constitutes waiver.  See Tenn. Code Ann. § 40-30-210(f) (1997) ("There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived.").  Both parties have given thoughtful consideration to the issue in their briefs.  Our supreme court has recently reversed this court's opinion in Roger Dale Hill.  As such, we elect to address the issue on the merits. See Tenn. R. App. P. 13(b).

dispensing with a mental element, is nevertheless sufficient to support prosecution where

> (1)   the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
>
> (2)   the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and
>
> (3)   the mental state can be logically inferred from the conduct alleged.

Hill, --- S.W.2d at ---, slip op. at 3.  The supreme court scrutinized the Hill indictment under the three-part inquiry above and determined the indictment was legally sufficient to support prosecution of the accused, notwithstanding the absence of an explicit allegation of a mens rea.  Hill, --- S.W.2d at ---, slip op. at 4-10.  Specifically, the supreme court noted, "[T]he act for which the defendant is indicted, 'unlawfully sexually penetrat[ing]' a person under the age of thirteen, is committable only if the principal actor's mens rea is intentional, knowing or reckless.  Thus, the required mental state may be inferred from the nature of the criminal conduct alleged."  Hill, --- S.W.2d at ---, slip op. at 9.


We find the case at bar very similar under the Hill analysis.  The aggravated sexual battery count of the indictment in this case alleges the defendant "unlawfully, with force or coercion, had unlawful sexual contact with . . . the victim, while armed with a weapon, to wit, a knife and a tire tool, causing bodily injury, in violation of T[ennessee] C[ode] A[nnotated section] 39-13-504 . . . ."  In pertinent part:

> Aggravated sexual battery is unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:
>
> (1)   Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon;

**4**

(2)	The defendant causes bodily injury to the victim; . . .

Tenn. Code Ann. § 39-13-504(a)(1), (a)(2) (1997). "Sexual contact" is defined elsewhere in the statute as including "the intentional touching of the victim's . . . intimate parts . . . if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Tenn. Code Ann. § 39-13-501(7) (1997).

The indictment in this case closely follows the statutory language describing the crime, and it complies with the statutory form by stating the "facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . ." See Hill, --- S.W.2d at ---, slip op. at 3; Tenn. Code Ann. § 40-13-202 (1997). Finally, the mental state is capable of logical inference from the conduct alleged. See Hill, --- S.W.2d at ---, slip op. at 3; see also State v. Marshall, 870 S.W.2d 532, 537-38 (Tenn. Crim. App. 1993). In the present case there are two bases for drawing such an inference. First, use of the statutory terms of "force and coercion" implies that "'wrongful action is meant.'" Allen Lloyd Smith v. State, No. 03C01-9511-CR-00351, slip op. at 3 (Tenn. Crim. App., Knoxville, July 29, 1997) (inferring from the use of "forcibly and coercively" that the acts "were committed at least recklessly, if now knowingly or intentionally"), appl. for perm. app. filed (Tenn. Nov. 7, 1997). In our view, that one's acts are intentional may be inferred from use of the terms force and coercion. State v. Terry Allen Dominy, No. 01C01-9512-CC-00404, slip op. at 6 (Tenn. Crim. App., Nashville, May 30, 1997), appl. for perm. app. filed (Tenn. July 30, 1997). Second, this court has held that use of the phrase "sexual contact" does "necessarily imply an intentional touching" of the victim. State v. Milton S. Jones, Jr., No. 02C01-9503-CR-00061, slip op. at 5 (Tenn. Crim. App., Jackson, March 7,

1997), <u>appl. for perm. app. filed</u> (Tenn. May 6, 1997); <u>see also</u> <u>State v. John James</u>, No. 01C01-9601-CR-00016, slip op. at 19-20 (Tenn. Crim. App., Nashville, March 27, 1997).

As pointed out above, aggravated sexual battery involves unlawful sexual contact with a victim. Tenn. Code Ann. § 39-13-504(a) (1997). "'Sexual contact' includes the intentional touching of the victim's . . . intimate parts . . . if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Tenn. Code Ann. § 39-13-501(6) (1997). "Therefore, the mental element of 'intentional' is included in the definition of 'sexual contact' and is impliedly included within the indictment." <u>John James</u>, slip op. at 19.

Furthermore, this court has previously held that, when the proscriptive statute fails to expressly require a culpable mental state, an indictment passes muster when it alleges the crime in the language of the statute, without expressly setting forth the culpable mental state. <u>State v. James Dison</u>, No. 03C01-9602-CC-00051, slip op. at 17 (Tenn. Crim. App., Knoxville, Jan. 31, 1997) (Jones, P. J., and Dender Sp. J., concurring), <u>appl. for perm. app. filed</u> (Tenn. Mar. 14, 1997); <u>Melvin Lee Burkett v. State</u>, No. 01C01-9605-CC-00202, slip op. at 7 (Tenn. Crim. App., Nashville, Nov. 4, 1997).

Thus, the indictment in this case is not fatally deficient and properly supports Locust's convictions.

**II**

In his second issue, Locust claims he was deprived of his constitutional guarantee to a trial by jury because the trial court failed to instruct the

jury on lesser included offenses.[2] The state claims the court did not err in failing to instruct on lesser offenses because the record clearly illustrated Locust was guilty of the greater offenses and was devoid of any evidence permitting an inference of guilt of the lesser offenses.

The general rule is that a trial court has the duty, sua sponte, to instruct the jury on all lesser grade or class offenses and lesser included offenses, provided the evidence would support a conviction for the lesser offenses. Tenn. Code Ann. § 40-18-110 (1997); State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996); see Tenn. R. Crim. P. 31(c). However, "where the evidence in a record clearly shows that the defendant was guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense, the trial court's failure to charge on a lesser offense is not error." State v. Stephenson, 878 S.W.2d 530, 550 (Tenn. 1994) (citation omitted). Additionally, an instruction as to lesser offenses is not required where the defendant does not dispute that the crime occurred, only that he committed it. See, e.g., State v. Barker, 642 S.W.2d 735, 738 (Tenn. Crim. App. 1982); Price v. State, 589 S.W.2d 929, 932 (Tenn. Crim. App. 1979).[3]

A review of the record reveals that at Locust's trial, his defense was one of alibi. He and his trial counsel admitted as much in his testimony at the post

---

[2]Locust argues the court did not instruct the jury on lesser included offenses; however, we perceive his argument as one encompassing the alleged error both as to lesser grade or class offenses and lesser included offenses. See State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996).

[3]Although the authorities we cite for this proposition predate the supreme court's clarification of the law in Trusty, another panel of this court has agreed that the "alibi exception" to a trial court's obligation to charge a jury on lesser offenses remains viable. See State v. Preston Carter, No. 02C01-9504-CR-00100, slip op. at 6-7 (Tenn. Crim. App., Jackson, July 26, 1996).

conviction hearing. As such, he was not entitled to instructions on lesser offenses.[4] Locust has failed to establish that he is entitled to relief.

## III

Finally, Locust complains in numerous respects he was not afforded the effective assistance of counsel prior to trial, at trial and on direct appeal. The state agrees with the lower court, which found all of the petitioner's allegations without merit.

The Sixth Amendment of the United States Constitution and Article I, § 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." Summerlin v. State, 607 S.W.2d 495, 496 (Tenn. Crim. App. 1980).

In Strickland v. Washington, the United States Supreme Court defined the Sixth Amendment right to effective assistance of counsel. 466 U.S. 668, 104 S. Ct. 2052 (1984). First, the appellant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's

---

[4]Because the law did not entitle Locust to inclusion of instructions on lesser offenses, we find it unnecessary to consider whether the evidence presented at trial would have otherwise supported a finding of lesser offenses.

performance prejudiced him and that errors were so serious as to deprive the defendant of a fair trial, calling into question the reliability of the outcome. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.

As noted above, the petitioner's burden of proof in all cases filed after May 10, 1995 is by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. Strickland, 466 U.S. at 690, 695, 104 S. Ct. at 2066, 2069. The petitioner must demonstrate that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 695, 104 S. Ct. at 2069. A trial court's findings of fact following a post-conviction hearing have the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

Locust attacks his previous counsel's effectiveness in six respects.

A.      Direct Appeal

First, he claims counsel failed to brief important issues on direct appeal, or alternatively, failed to adequately explain to Locust his pro se briefing rights. As Locust correctly acknowledges, there is no constitutional requirement that an attorney argue every issue on appeal. Jones v. Barnes, 463 U.S. 745, 750-51, 103 S. Ct. 3308, 3314 (1983); State v. Draper, 800 S.W.2d 489, 498 (Tenn. Crim. App. 1990). Locust's former counsel testified he recalled discussing the appeal with Locust to some extent. Counsel acknowledged that in selecting the appellate

**9**

issues for review, he knew any remaining issues would be waived. Counsel admitted he did not inform Locust he could submit a brief on any other such issues; however, a defendant has no right to proceed to submit a pro se brief when he or she is represented by counsel in the appellate courts. State v. Burkhart, 541 S.W.2d 365, 371 (Tenn. 1976); Willie D. Locust v. State, No. 02C01-9512-CC-00356, slip op. at 7 (Tenn. Crim. App., Jackson, July 23, 1997), appl. for perm. app. filed (Tenn. Sept. 23, 1997); Bobby Roberson v. State, No. 02C01-9203-CC-00069, slip op. at 16 (Tenn. Crim. App., Jackson, Dec. 1, 1993), perm. app. denied (Tenn. 1994). In any event, Locust has failed to demonstrate that any of the issues were meritorious, and absent such a showing, it matters not whether they were briefed by appellate counsel or Locust himself on direct appeal. Ineffective assistance of counsel on this issue has not been demonstrated.

B.    Cross-Examination of the Victim

In his second allegation of ineffective assistance, Locust claims trial counsel was deficient in cross-examination of the victim. Prior to trial, the victim gave a description of her attacker to the police which varied somewhat from the description she gave at trial. In her initial statement, she said the assailant was wearing "dark possibly green overalls" and a blue toboggan. At trial, she claimed he wore a "brown, short, dark looking jacket" and dark pants. While Locust characterizes this as a "glaring inconsistency" given the fact that identification was the key issue at trial, the lower court found the variance between the two descriptions "relatively insignificant" in light of the detailed physical description the victim gave prior to trial and her positive identification of him at trial. Ultimately, the lower court concluded, the results of the trial would have been the same even if the victim had been asked about her prior statement. We cannot say the evidence preponderates against the lower court's finding.

C.      Pretrial Motion to Suppress Photographic Lineup

Third, Locust claims his former counsel was ineffective in failing to make a pretrial motion to suppress the results of a photographic lineup from which the victim picked Locust as her attacker.  He claims the procedure was so suggestive as to render the identification unreliable in that the police officer who conducted the lineup told the victim he had a suspect, thereby implying the suspect was pictured in one of the six photographs he showed the victim.  Further, all six photographs were "mug shots" in which the subjects were holding a placard with the date they were photographed, and Locust was recently photographed, increasing the chance the victim would pick him because of the date on his placard.  Locust also claims the lineup unduly suggested he was the suspect because he was wearing a dark jacket in his photograph.  The officer who prepared the photo array testified none of the photographs were treated differently from any other.  The victim picked the defendant immediately when she came to his photograph.  She looked back through the photographs a second and third time at the officer's request and continued to maintain the petitioner was her attacker.  The officer said he did not know the dates on the other subjects' placards, but they "possibly" were as recent as the date on Locust's.  The officer chose the photographs other than the petitioner's by pulling file photographs which matched Locust's general description.  The photographic lineup was not offered into evidence at the post conviction hearing.  In finding this issue without merit, the lower court found that it would have overruled any such motion made by the defense because the procedure was not unduly suggestive.  On appeal, Locust has failed to show that the evidence preponderates to the contrary.  As such, he has failed to establish prejudice from counsel's alleged ineffectiveness.

D.      Jury Selection/Composition of Venire

In his fourth claim of ineffective assistance of counsel, Locust

complains that trial counsel ineffectively failed to quash the jury venire, or alternatively, to exercise peremptory challenges. The essence of this issue is that Locust, who is African-American, is aggrieved that he was tried for crimes against a white, female victim by what he described in his testimony as an all-white, mostly female jury. The petitioner's trial counsel testified at the post-conviction hearing the jury pool included blacks and that he believed the trial jury included blacks. The lower court found that the jurors were randomly selected, Locust failed to show any systematic exclusion of African-Americans, and had trial counsel made a motion to quash the venire, the motion would have been overruled.

We begin our analysis by acknowledging Supreme Court precedent which would have prevented trial counsel from exercising peremptory challenges in such as way as to purposefully exclude prospective jurors based solely upon race or gender. J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 114 S. Ct. 1419 (1994) (gender); Georgia v. McCollum, 502 U.S. 42, 502 S. Ct. 42 (1992) (race). As such, counsel was not ineffective in failing to exercise peremptory challenges simply because prospective jurors' race or gender was different from Locust's.

The remaining issue, then, is whether counsel should have moved to quash the jury venire because its composition denied Locust the right to select a jury from a fair cross-section of the community. See Duren v. Mississippi, 439 U.S. 357, 99 S. Ct. 664 (1979). Although there is evidence of record from which one may conclude the jury pool contained few African-Americans and a significant number of women, there is no evidence of that the venire composition was not fairly representative of the community in which Locust's trial took place or that the procedure for selecting jurors unfairly excluded women or African-Americans. We decline to speculate in this regard. As such, the evidence does not preponderate against the trial court's determination this issue lacked merit. The petitioner has

failed to demonstrate either ineffective assistance of counsel or, in the event such assistance occurred, that he was prejudiced thereby.

E.    Conflict of Interest

Fifth, Locust claims his trial counsel was ineffective for failing to move for the disqualification of the district attorney's office based upon Locust being previously represented in pre-trial proceedings by an assistant public defender who became employed with the district attorney's office during the pendency of the proceedings. The substantive issue of the conflict of interest was raised on direct appeal, and this court held first, the issue was waived by counsel's failure to raise it prior to trial, and second, any factual basis for the claim was insufficiently supported by the record. While this issue has arguably been previously determined based upon this court's consideration of its merits on direct appeal notwithstanding a finding of waiver, we address it in the context of trial counsel's alleged ineffectiveness in order to bring finality to the issue.[5]

At the post conviction hearing, Locust alleged he discussed the facts of this case with his pre-trial attorney and he gave him confidential information which the district attorney's office later disclosed to a defense witness, the nature of which prevented the witness from testifying. The pre-trial attorney testified he never discussed the specifics of this case with the petitioner; their only conversation, which took place during communications about other matters in which

_____

[5]As the record in this case bears out, the petitioner feels strongly about this issue. See also Willie D. Locust v. State, No. 02C01-9512-CC-00356 (Tenn. Crim. App., Jackson, July 23, 1997) (issue raised in another case which was pending at time the alleged conflict arose in the instant matter); Locust v. State, 912 S.W.2d 716 (Tenn. App.) (legal malpractice action based in part on pre-trial public defender counsel's change of employment to district attorney general's office), perm. app. denied (Tenn. 1995); Willie D. Locust v. James E. Lanier, No. 02A01-9502-CV-00020 (Tenn. App., Jackson, Apr. 28, 1995) (legal malpractice action), perm. app. denied (Tenn. 1995).

pre-trial counsel represented the petitioner, pertained to the fact that there was a direct indictment looming. The pre-trial attorney was unable to obtain any information from the district attorney's office, so there was no discussion with the petitioner of the merits of the case. Further, the pre-trial attorney informed Locust he was leaving the public defender's office, and once the attorney began work with the district attorney general, he had no contact with this prosecution. Pre-trial counsel's only real involvement with the case was in filing an early motion. Locust's trial counsel testified he investigated the previous involvement of this former assistant public defender, by then an assistant district attorney general, and determined that the facts did not provide a good faith basis for the trial court to grant disqualification. The lower court accredited trial counsel's testimony and agreed with his conclusion. After a review of the record, we find the evidence does not preponderate otherwise. Accord Willie D. Locust v. State, No. 02C01-9512-CC-00356, slip op. at 4-5 (Tenn. Crim. App., Jackson, July 23, 1997).

F.    Presence of Petitioner at Pre-Trial Hearings

            Finally, Locust claims trial counsel was ineffective in failing to ensure Locust was present at his arraignment and the motion to dismiss the indictment or alternatively to remand for preliminary hearing. He claims his absence from these important proceedings was violative of due process such that prejudice should be presumed and he should be afforded a new trial. The lower court found the evidence of record failed to establish Locust's claims, and in any event, there is no requirement a defendant attend arguments on questions of law.

            Locust testified he did not recall being present at the arraignment or motion hearing. Though trial counsel apparently could not remember the specifics of Locust's arraignment, he testified he may have waived formal reading of the indictment if the petitioner consented. If he waived the reading of the indictment,

**14**

the defendant would still be present. Unfortunately, the record does not contain the transcript of the arraignment. In resolving this issue adversely to the petitioner, the lower court discredited Locust's testimony in favor of trial counsel's. Locust has not established on appeal that the evidence preponderates to the contrary.

Moreover, as correctly noted by the lower court, a criminal defendant is not afforded the right to be present at argument upon a question of law. Tenn. R. Crim. P. 43(c)(3). As such, the issue of whether Locust was present at the motion hearing of which he complains need not be resolved factually, as the issue is substantively without merit.

In summary, we find no basis for granting relief on any of Locust's claims, and we affirm the lower court's dismissal of his petition.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOSEPH B. JONES, PRESIDING JUDGE

_____
GARY R. WADE, JUDGE