**Clark Jerome McMILLAN, Plaintiff-Appellant,**

v.

**Eugene BARKSDALE, et al., Defendants-Appellees.**

No. 86–5167.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 19, 1987.

Decided July 21, 1987.

W.J. Michael Cody, Atty. Gen. of Tenn., Nashville, Tenn., Ann Lacy Johns, argued, for defendants-appellees.

Charles P. Roney (Court-Appointed), argued, Memphis, Tenn., for plaintiff-appellant.

Before MERRITT, WELLFORD and MILBURN, Circuit Judges.

MERRITT, Circuit Judge.

Clark McMillan raises one issue in appealing the District Court's disposition of his habeas corpus claim. He states the single issue as follows: "Whether the Honorable District Court Judge erred in failing to hold an evidentiary hearing." Mr. McMillan asserts that the District Court should have independently reviewed two factual issues: (1) whether the line-up at which he was identified was unnecessarily suggestive, and (2) whether this line-up was for an "unrelated charge."[1] The State argues in response that Mr. McMillan's appeal should be dismissed in its entirety for failure to file a timely notice of appeal, or in the alternative, that the District Court was not required to hold an evidentiary hearing under the circumstances of this case. We hold that Mr. McMillan provided a sufficient notice of appeal, but that the District Court did not err in refusing to hold an evidentiary hearing.

## I. The Notice of Appeal

The State asserts that this Court is without subject-matter jurisdiction because petitioner did not timely file a notice of appeal. Rule 4(a) of the Federal Rules of Appellate Procedure provides that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. Rule 3(c) specifies that the notice must contain the name of the appealing party, the judgment appealed from, and the court from which the appeal is taken. Although the timely filing of a notice of appeal is "mandatory and jurisdictional," *United States v. Robinson*, 361 U.S. 220, 224, 80 S.Ct. 282, 285, 4

---

1. Although criminal defendants have a right to counsel at any post-arrest line-up, this right does not exist in Tennessee where the defendant is lined up for a charge different from that for which he was arrested. *See State v. Barker*, 642 S.W.2d 735 (Tenn.Cr.App.1982). We do not consider the constitutionality of *Barker* in this case, but mention it only to explain petitioner's "unrelated charge" argument. The constitutionality of the *Barker* rule is not in question here because the only issue raised concerns the need for an evidentiary hearing.

L.Ed.2d 259 (1960), the Rules do not demand "literal compliance in cases in which it cannot fairly be exacted." Fed.R.App.P. Rule 3, advisory committee note.

In this case, the District Court's order dismissing Mr. McMillan's petition was entered on September 25, 1985. Mr. McMillan filed a motion *pro se* titled "Request for Certificate of Probable Cause" on October 4, 1985. The District Court issued the certificate on October 22, 1985. However, petitioner did not file his motion captioned "Notice of Appeal" until February 3, 1986 —some three months beyond the 30 day limit prescribed by Rule 4(a).

Petitioner requests that his *pro se* motion for a certificate of probable cause be treated as a notice of appeal. Since this motion was filed within the thirty day limit prescribed by the Rules, it would constitute a timely notice of appeal if so construed.

Petitioner's request is not novel. At least three circuits have held that a request for a certificate of probable cause can serve "double-duty" as notice of appeal. In *Fitzsimmons v. Yeager*, 391 F.2d 849, 853 (3d Cir.), *cert. denied*, 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968), the Third Circuit held that a request for a certificate of probable cause will be treated as a notice of appeal where no formal notice is filed. The Fifth Circuit has also held that a request for a CPC satisfies Rule 4(a) if it "clearly evinces an intent to appeal." *Stevens v. Heard*, 674 F.2d 320, 322 (5th Cir. 1982) (quoting *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir.1974)). These cases were followed by the Eleventh Circuit in *Scott v. Wainwright*, 698 F.2d 427, 428 (11th Cir. 1983) when that court construed a request for a certificate of probable cause as both a notice of appeal *and* a request for extension of time to file the notice.[2]

The result reached in the cases discussed above is consistent with the purpose of the rules governing the notice of appeal. Subsection (c) of Rule 3 was amended in 1979

to make clear that an appeal should not be dismissed for mere "informality of form or title." This amendment was designed to incorporate into the rules the principle announced by the Fifth Circuit in *Cobb v. Lewis:* "[T]he notice of appeal requirement may be satisfied by any statement, made either to the district court or the Court of Appeals, that clearly evinces the party's intent to appeal." 488 F.2d at 45. Furthermore, the advisory committee note expressly approves "a liberal view of papers filed by indigent and incarcerated defendants" as discussed in *Coppedge v. United States*, 369 U.S. 438, 442 n. 5, 82 S.Ct. 917, 919 n. 5, 8 L.Ed.2d 21 (1962). *See* Fed.Rule App.P. Rule 3, advisory committee note.

■ In the present case, Mr. McMillan's *pro se* motion which was filed on October 4, 1985 was sufficient to satisfy the requirements of Rules 3 and 4. Although Rule 3(c) does suggest a form to be followed, there is no magic document called a Notice of Appeal. Any document that meets the requirements of Rule 3(c) and is filed within the time prescribed by Rule 4(a) can function as a notice of appeal. This is particularly important where the filing is the work of a prisoner proceeding *pro se*. To reach a contrary holding would negate the express purpose of the rule in order to exalt form over substance. We therefore hold that Mr. McMillan's *pro se* request for a certificate of probable cause evinced an intent to appeal with sufficient clarity to constitute a notice of appeal. Since that request was timely under Rule 4(a), this Court has subject-matter jurisdiction over petitioner's appeal.

## II. Failure to Hold an Evidentiary Hearing

■ An evidentiary hearing in the District Court is not mandatory unless one of the eight circumstances listed in 28 U.S.C. § 2254(d) is present.[3]  *See Loveday v.*

---

**2.** Although the *Scott* Court stated that the result would be different under present law, it is clear that this limitation applies only to the court's treatment of the extension of time issue. Changes in the time allowed for filing such an extension would render the *Scott* petition un-

timely under the new rule. *See Scott,* 698 F.2d at 428–29.

**3.** Section 2254(d) provides that state court factual findings "shall be presumed to be correct, unless ..." the facts were not "resolved" or

*Davis,* 697 F.2d 135 (6th Cir.1983); 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4265, at 670 (1978). These circumstances must be shown by the petitioner, admitted by the State, or "otherwise appear" from the record. *See Loveday,* 697 F.2d at 138.

■ In the present case, the District Court rejected Mr. McMillan's petition "[a]fter a complete review of the record, the pleadings, and motions." We have conducted a similar review of these materials. Nothing contained therein indicates that one of the § 2254(d) criteria is present in Mr. McMillan's case. Furthermore, in his brief on appeal, Mr. McMillan has failed to allege any specific deficiency in the fact-finding process of the Tennessee courts. Under these circumstances, no evidentiary hearing is required to "double check" the conclusions of the state court. Indeed, the friction that such an undertaking would cause is the exact evil Congress sought to eliminate by enacting § 2254(d). *See Sumner v. Mata,* 449 U.S. 539, 550, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981).

The Tennessee courts made findings on the suggestiveness and purpose of the line-up. Mr. McMillan has not impeached these findings by any specific evidence or factual propositions under 28 U.S.C. § 2254(d). Under these circumstances, we hold that the District Court did not err by adjudicating the merits of petitioner's habeas corpus claim without first holding an evidentiary hearing. Again, we reiterate that we have not considered the constitutionality of the *Barker* rule referred to in footnote 1 above, since the only issue before us on the merits is the necessity of an evidentiary hearing. Accordingly, the decision of the District Court is affirmed.

"adequately developed," or the state court's fact finding procedures were not "fair" or lacked "due process," or unless the state record does not support the facts as found. 28 U.S.C. § 2254(d).