845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jabari Issa MANDELA, Petitioner-Appellant,
v.
Michael DUTTON, Warden, et al., Respondents-Appellees.
 No. 87-6313.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1988.
 
 Before BOYCE F. MARTIN, Jr., WELLFORD and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 The petitioner has appealed a district court judgment denying his petition for a writ of habeas corpus. A Tennessee jury convicted the petitioner in 1982 of aggravated rape, burglary, aggravated assault, and aggravated sexual battery. He was sentenced to life imprisonment. Following an unsuccessful appeal and a post-conviction action in the state courts, the petitioner filed the present habeas corpus action pursuant to 28 U.S.C. Sec. 2254. In an opinion entered October 6, 1987, the district court held that the petitioner had not exhausted all available state remedies. It therefore dismissed the action on the same day.
 
 
 2
 On October 26, 1987, the petitioner filed a motion to vacate the October 6 order of dismissal pursuant to Rule 60(b), Federal Rules of Civil Procedure. The basis for that motion was his assertion that counsel (who he believed was appointed to represent him in that action) did not inform him of the October 6 dismissal until it was too late for the petitioner to file a motion for reconsideration thereof. The district court denied that motion in an order filed on November 23, 1987. Ignoring the fact that the petitioner's motion expressly asked for relief pursuant to Rule 60(b), the court stated that the petitioner had
 
 
 3
 "available to him an avenue whereby he may seek relief from the aforementioned order pursuant to Rule 60(b), Fed.R.Civ.P., and the time limitations set forth therein."
 
 
 4
 The petitioner subsequently filed a second Rule 60(b) motion, but that motion was denied on the ground that the district court had lost jurisdiction over the case with the filing, on November 23, 1987, of a notice of appeal from the dismissal order of October 6. (The notice of appeal had been received by the district court on November 9, 1987, but was not filed until 14 days later.)
 
 
 5
 Because the notice of appeal was not received by the district court within the 30-day period prescribed by Rule 4(a), Fed.R.App.P., we have no jurisdiction to entertain this appeal. McMillan v. Barksdale, 823 F.2d 981, 982-3 (6th Cir.1987). The district court thus retains jurisdiction over the case, and is free either to reconsider its order of November 23, 1987, or to consider the merits of the petitioner's second Rule 60(b) motion.
 
 
 6
 The appeal from the district court's order of October 6, 1987, is hereby dismissed without prejudice to the petitioner's right to perfect a timely appeal if the relief sought under Rule 60(b) is hereafter denied by the district court.