863 F.2d 48
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne HEFFINGTON; Janet Heffington, his wife, Plaintiffs-Appellees,
v.
CITY OF SALINE, A Michigan Municipal Corporation; James
Douglas, Chief of Police; Joseph G. Graf, Ordinance
Enforcement Officer; James L. Levleit, City Administrator,
Jointly and Severally, Defendants,
and
Donald Shelton, Mayor, Defendant-Appellant.
 No. 88-1224.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1988.
 
 Before ENGEL, Chief Judge, and WELLFORD and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs moves to dismiss this appeal as being untimely filed. Defendant opposes the motion.
 
 
 2
 On December 4, 1987, the district court entered an order denying defendant's motion for costs, attorneys fees and sanctions. The notice of appeal therefrom was due within 30 days. Fed.R.App.P. 4(a). Defendant did not file his notice of appeal until February 26, 1988, well beyond the 30 day limit.
 
 
 3
 Defendant contends that he did not file his notice of appeal until February 26, 1988, because until February 1, 1988, the district court had not ruled on a motion for costs, attorneys fees and sanctions filed by the other defendants. He relies on Fed.R.Civ.P. 54(b) to support his claim that the outstanding motion was an unadjudicated claim requiring disposition before an appeal could be taken.
 
 
 4
 We reject defendant's position. A request for costs, fees or sanctions is not a claim within the meaning of Fed.R.Civ.P. 54(b). See, 6 J. Moore, Moore's Federal Practice, p 54.33. An order regarding attorneys fees is independently appealable. Budinich v. Becton Dickinson and Co., --- U.S. ---, 108 S.Ct. 1717, 1720 (1988). The proper procedure for defendant was to file a notice of appeal within 30 days of the order of December 4, 1987.
 
 
 5
 The failure of defendant to timely file a notice of appeal deprives this court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 Accordingly, it is ORDERED that this appeal be dismissed for lack of jurisdiction.