869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John J. JAAKKOLA, Plaintiff-Appellant,
v.
Stephanie J. SNYDER, et al., Defendants-Appellees.
 No. 88-1596.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Jaakkola moves for in forma pauperis status, for a transfer to a federal prison, and for other miscellaneous relief on appeal from the district court's order denying an extension of time in which to appeal in this prisoner's civil rights case. 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff attempted to file a prisoner's civil rights complaint with the district court. By order entered March 2, 1988, the court dismissed the complaint submitted January 14, 1988, without prejudice to the plaintiff's refiling the complaint in the proper form. On May 13, 1988, the district court denied a motion for extension of time in which to file a notice of appeal on the ground that the motion was filed more than thirty days after entry of the March 2, 1988 order. The district court received on May 25, 1988, a notice of appeal from the March 2 decision and the May 13 order denying an extension of time.
 
 
 3
 One of the defendants in this case is the United States Attorney General. When an officer of the United States is a party, the notice of appeal may be filed within sixty days of the order. Fed.R.app.P. 4(a)(1). The May 25 notice of appeal was filed 83 days after the March 2 decision and was therefore 23 days late. It was within time with respect to the May 13 order denying an extension of time. See Fed.R.App.P. 4(a) and 26(a). Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); and Fed.R.App.P. 26(b).
 
 
 4
 However, this court has generally adopted a liberal construction of pleadings when a party has expressed a desire to appeal. McMillan v. Barksdale, 823 F.2d 981, 983 (6th Cir.1987). The motion for extension of time evinced a desire to appeal and we will treat it as a notice of appeal. Unfortunately, the district court file contains no copy of the motion for extension of time nor is its filing shown in the district court docket sheet. Fortunately, the files of this court reflect that a copy of the plaintiff's motion for extension of time dated April 18, 1988, was received by this court on April 21, 1988. A notice of appeal filed mistakenly in this court may be ordered filed in the district court. See Fed.R.App.P. 4(a)(1). Accordingly, the copy of the motion filed here is a timely notice of appeal.
 
 
 5
 The motion for in forma pauperis status is granted. The motion for a transfer to a federal prison and the other motions for miscellaneous relief are denied. The appeal from the denial of the motion for extension of time is dismissed as moot. The copy of the motion for extension of time is ordered transmitted to the clerk of the district court to be filed by the district court nunc pro tunc on April 21, 1988, as a notice of appeal. The case is remanded to the district court for correction of the record pursuant to Fed.R.App.P. 10(e). Rule 9(b)(6), Rules of the Sixth Circuit. The record on appeal does not contain a copy of the complaint. The district court shall attempt to secure a copy of the complaint originally submitted to that court on January 14, 1988, and file it as part of the record. If no copy of the complaint can be secured, plaintiff shall be permitted to file a new complaint.