890 F.2d 417
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith Douglas PHILLIPS, also known as Richard H. Thompson,
Defendant-Appellant.
 Nos. 89-6187, 89-6265.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1989.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellee's motion to dismiss appeal no. 89-6187 for lack of jurisdiction. The appellant has responded in opposition to the motion and has filed a motion for leave to proceed in forma pauperis.
 
 
 2
 A review of the record indicates that appellant filed a Fed.R.Crim.P. 41(e) motion in the district court for return of certain property seized from him at the time of his arrest for credit card fraud. An order was entered August 8, 1989, granting the return of a check cashing card and a library card but denying the return to him of a radio pager, police scanning receiver, information card and telephone book. On August 14, 1989, appellant filed a motion in the district court to stay disposition of the property pending review of the August 8, 1989, order by this court. The district court on August 28, 1989, denied the motion for stay as moot on the basis that the appeal period had expired without the filing of a notice of appeal. On September 11, 1989, appellant filed a motion for reconsideration of the order denying a stay and a notice of appeal from the August 8, 1989, order regarding return of property (appeal no. 89-6187). Reconsideration was denied September 25, 1989, and appellant appealed from that order on October 2, 1989 (appeal no. 89-6265).
 
 
 3
 The one-page motion for stay of disposition of the property until a review is made by the Sixth Circuit of the district court's August 8, 1989, order regarding return of property evinced appellant's intent to appeal. A document which satisfies the requirements of Fed.R.App.P. 3 and 4 by evincing an intent to appeal is properly treated as a notice of appeal. McMillan v. Barksdale, 823 F.2d 981, 983 (6th Cir.1987); Mosley v. Cozby, 813 F.2d 659, 660 (per curiam) (5th Cir.1987); Cobb v. Lewis, 488 F.2d 41, 44-45 (5th Cir.1974). The motion for stay complied with the filing requirement of Fed.R.App.P. 3(a), the content requirement of Fed.R.App.P. 3(c), and the appeal time period as set forth in Fed.R.App.P. 4(b). Accordingly, the August 14, 1989, motion for stay is deemed a notice of appeal.
 
 
 4
 The documents filed after the filing of the motion to stay appear to have been attempts of appellant to preserve his right to appeal and to have the district court make a determination that a notice of appeal was timely filed or to grant an extension of time to file an appeal. Because this court has determined that the August 14, 1989, motion is a timely filed notice of appeal, the other notices of appeal which were filed in the district court are unnecessary and the issues which those appeals sought to present on appeal are moot.
 
 
 5
 It is ORDERED that appeal no. 89-6265 be, and it hereby is, dismissed. Rule 9(b)(1), Rules of the Sixth Circuit. The motion for leave to proceed in forma pauperis as it applies to appeal no. 89-6187 will be considered at a later date. The parties in the briefs to be filed in appeal no. 89-6187 are to address the issues raised by the August 8, 1989, order regarding return of property which was appealed on August 14, 1989. The district court should correct its records to reflect that the August 14, 1989, motion is also a notice of appeal. Fed.R.App.P. 10(e).