894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary GIBSON, Plaintiff-Appellant,
v.
Timothy HUDOCK, Defendant-Appellee.
 No. 89-3868.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1990.
 
 1
 Before KENNEDY and BOGGS, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 Plaintiff Gibson appeals from the district court's order dismissing his civil rights case. 42 U.S.C. Sec. 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Gibson filed his civil rights complaint in this case accompanied by an affidavit requesting in forma pauperis status. See 28 U.S.C. Sec. 1915(a) (1982). The magistrate denied the request for pauper status because it appeared the complaint was filed after the running of the appropriate two year state statute of limitations. The district judge subsequently dismissed the case because it was improperly assigned to him. Gibson then filed a notice of appeal from the order denying pauper status.
 
 
 4
 Because Gibson's notice of appeal refers to the order denying pauper status, a jurisdictional question arises. The rule in this circuit is that the court generally adopts a liberal construction of documents where the party has expressed a desire to appeal. McMillan v. Barksdale, 823 F.2d 981, 983 (6th Cir.1987). Therefore, we will construe Gibson's notice of appeal to be taken from the dismissal of this case.
 
 
 5
 The magistrate denied Gibson's pauper status motion on the basis of a statute of limitations defense appearing on the face of the complaint. This denial was incorrect. A statute of limitations defense is one of the personal defenses listed in Fed.R.Civ.P. 8(c). As such, it is subject to waiver and normally should not be raised sua sponte. Haskell v. Washington Township, 864 F.2d 1266, 1273 (6th Cir.1988). Therefore, even though the case was referred to the district court judge in error, the judge should have vacated the magistrate's order and required further proceedings.
 
 
 6
 Here the record lacks a copy of the complaint. In the absence of the complaint, this court cannot determine if affirmance of the district court's order was proper on any other ground. Therefore, the case must be remanded to the district court.
 
 
 7
 The order of the district court is vacated and the case is remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation