898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jason BREWER, Minor, by his next friend, Rosemary CARTER,
Plaintiff-Appellee,
v.
LUCAS COUNTY CHILDRENS' SERVICES BOARD; Robert R. Carson,
Former Executive Secretary of LCCS Board; Howard
Cummings; Ruth McKenzie; Robert
Vasquesz, Charles Grice,
Defendants-Appellants.
 No. 89-4086.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1990.
 
 N.D.Ohio
 VACATED AND REMANDED.
 
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and AVERN COHN, District Judge*.
 
 ORDER
 
 2
 The defendants in this civil rights action appeal orders of the district court (1) denying their motion to dismiss on grounds of qualified immunity, and (2) denying their motion to certify that order for immediate interlocutory appeal under 28 U.S.C. Sec. 1292(b). The plaintiff now moves to dismiss the appeal on grounds the notice of appeal was untimely as to the qualified immunity order and that the certification order was nonappealable. The defendants urge this Court to accept jurisdiction, particularly in light of this Court's recent decision in Eugene D. v. Karman, 889 F.2d 701 (6th Cir.1989).
 
 
 3
 The defendants are a social agency and individual social workers. The plaintiff, a minor who allegedly suffered physical and sexual abuse in a foster home, brought this action asserting the defendants denied him due process of law by failing to take steps to protect him from the alleged injuries. The defendants, arguing that the law at the time of the alleged injuries (1984-1985) did not clearly establish an affirmative duty on their part to act in this matter, moved for dismissal of the action on grounds of qualified immunity. The district court disagreed and entered an order on October 5, 1989, denying the motion to dismiss as to seven of the eight causes of action.
 
 
 4
 The defendants did not appeal that order immediately. Instead, they filed a motion on October 17, 1989, asking the district court to certify the October 5 order for immediate interlocutory appeal under 28 U.S.C. Sec. 1292(b). On November 21, 1989, the district court denied certification on grounds it was unnecessary as to the qualified immunity issue and unwarranted as to any other issues. The defendants filed their notice of appeal on November 22 seeking appellate review of both the October 5 and November 21 orders.
 
 
 5
 The plaintiff correctly notes that the October 5 order, insofar as it denied qualified immunity, was immediately appealable without the need for certification. See Mitchell v. Forsyth, 472 U.S. 511 (1985); Kennedy v. City of Cleveland, 797 F.2d 297 (6th Cir.1986). The notice of appeal filed on November 22 was beyond the thirty-day period for appeals under Rule 4(a)(1), Fed.R.App.P., and was ineffective to impart appellate jurisdiction over that order. Likewise, an order denying certification under Sec. 1292(b) is nonappealable. See In re: Master Key Antitrust Litigation, 528 F.2d 5, 8 (2d Cir.1975); U.S. v. 687.30 Acres of Land, 451 F.2d 667, 670 (8th Cir.1971) (per curiam), cert. denied, 405 U.S. 1026 (1972).
 
 
 6
 Our inquiry, however, does not end here. The motion for certification filed by the defendants on October 17 clearly evinced the defendants' intent to appeal the October 5 order and fulfilled the basic requirements for a notice of appeal under Rule 3, Fed.R.App.P. We therefore construe that motion as a valid and timely notice of appeal giving this Court appellate jurisdiction to review the proceedings below. See In re: Bertoli, 812 F.2d 136, 138 (3rd Cir.1987); San Diego Committee v. Governing Board, 790 F.2d 1471, 1473-74 (9th Cir.1986); Cobb v. Lewis, 488 F.2d 41, 44-46 (5th Cir.1974). Cf. McMillan v. Barksdale, 823 F.2d 981, 983 (6th Cir.1987) (application for a certificate of probable cause construed as notice of appeal).
 
 
 7
 In its order of October 5, the district court surveyed applicable caselaw and determined that as of 1984-1985 "the parameters of the right sought to be enforced [by the plaintiff] were sufficiently clear in the light of pre-existing law that the unlawfulness [of the defendants' conduct] would have been apparent." (Memorandum and Order at 5). This same issue was addressed by this Court as to the period 1974-1982 in Eugene D. v. Karman, 889 F.2d 701 (6th Cir.1989). After surveying applicable caselaw for that period (some of the same caselaw reviewed by the district court in this case), a divided panel concluded:
 
 
 8
 While the cases cited by the court below and by Eugene on appeal viewed together evidence significant developments in the law in this area during the relevant time period ... they are in our view, whether taken individually or together, insufficient to place defendants on notice that their conduct violated clearly established law.
 
 
 9
 889 F.2d at 711. Although the decision in Eugene D. does not control the present action because of the differing periods of time, we conclude the decision provides valuable guidance. We also note that other defendants in the action below (added by an amended complaint filed on November 8, 1989) have moved for dismissal based upon qualified immunity and the decision in Eugene D.
 
 
 10
 Given this Court's intervening and relevant decision in Eugene D. and the fact the district court must address the motion for dismissal filed by the newly added defendants, we conclude it serves the purposes of judicial economy to have the district court address the motions to dismiss filed by all defendants in one proceeding and in light of the decision in Eugene D.
 
 
 11
 It therefore is ORDERED that the district court's order of October 5, 1989, is vacated and this matter is remanded to the district court for further proceedings in light of this Court's intervening decision. Rule 9(b)(6). In so doing, this Court does not express any opinion as to the outcome of the district court's determination. Should the motions to dismiss be denied, the defendants may seek appellate review by filing a notice of appeal within the time limits set forth in Rule 4(a)(1).
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation