900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey James THERIOT, Petitioner-Appellant,
v.
H. Gary WELLS, Warden, Respondent-Appellee.
 No. 89-1945.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner has filed a motion for appointment of counsel in his appeal from the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Jeffrey James Theriot was convicted of second degree criminal sexual conduct; he pleaded guilty to being a habitual felony offender. He was sentenced to serve an 8-15 year term of imprisonment.
 
 
 3
 In a petition for a writ of habeas corpus, Theriot asserted four grounds for relief: (1) a preliminary examination was improperly continued, allowing the prosecution to locate additional eyewitnesses; (2) a pretrial lineup was tainted by the presence of alleged eyewitnesses at a prior hearing; (3) the trial court erred by not discharging a juror after she had a conversation with an assistant prosecuting attorney; and (4) the trial court erred by not instructing the jury on circumstantial evidence.
 
 
 4
 The matter was referred to a magistrate who recommended that the petition should be denied. Following de novo review of the record and Theriot's objections, the district court adopted the magistrate's recommendation and dismissed the petition.
 
 
 5
 On appeal, Theriot reasserts his claims concerning the lineup, juror misconduct, and jury instructions. Additionally, he argues that the district court erred by failing to grant an evidentiary hearing.
 
 
 6
 Upon review we conclude that the alleged errors at trial did not deprive Theriot of a fundamentally fair trial.
 
 
 7
 First, the pretrial lineup did not taint the in-court identifications. Theriot alleged that the lineup was improper because the alleged eyewitnesses had seen him at a prior hearing. His claim fails in part because there is no support in the record for his allegation that the two eyewitnesses were present at the first hearing. Moreover, Theriot failed to show that, under the totality of the circumstances, the lineup was impermissibly suggestive or that it rendered the in-court identification unreliable. See Neil v. Biggers, 409 U.S. 188 (1972); Holland v. Perini, 512 F.2d 99, 103 (6th Cir.), cert. denied, 423 U.S. 934 (1975).
 
 
 8
 Second, Theriot's claim of juror misconduct lacks merit because he failed to demonstrate actual bias as a result of the unauthorized contact. See United States v. Zelinka, 862 F.2d 92, 95 (6th Cir.1988). See also Smith v. Phillips, 455 U.S. 209, 217 (1982) ("due process does not require a new trial every time a juror has been placed in a compromising situation").
 
 
 9
 Third, Theriot was not entitled to relief on his claim that the trial court erred by not giving an instruction on circumstantial evidence. For relief to be warranted, Theriot must show more than that the instructions were "undesirable, erroneous or universally condemned;" taken as a whole they must have rendered the entire trial fundamentally unfair. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Theriot failed to meet this standard.
 
 
 10
 Finally, an evidentiary hearing was not required. Theriot failed to show the presence of any of the circumstances listed in 28 U.S.C. Sec. 2254(d) or that the issues could not otherwise be determined from the record. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 11
 Accordingly, the motion for appointment of counsel is hereby denied, and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.