925 F.2d 1467
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. WILLIAMS, Petitioner-Appellant,
v.
H. Gary WELLS, Respondent-Appellee.
 No. 90-1601.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Robert L. Williams, a Michigan prisoner represented by counsel, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1975, Williams pleaded guilty to assault with intent to commit murder and assault with intent to rob while being armed. He was sentenced to two concurrent life sentences. The Michigan Court of Appeals affirmed the convictions and the Michigan Supreme Court denied discretionary review. After numerous unsuccessful attempts to obtain post-conviction relief in the state courts, Williams filed this pro se habeas petition alleging that his convictions were invalid because he was incompetent to stand trial. The district court appointed counsel, and the magistrate later issued his first report, phrasing the issue as whether an evidentiary hearing should be granted on the issues of whether a competency hearing was ever held, and if one was held, whether Williams was in fact competent to stand trial. The magistrate found that the trial court's factual finding that a competency hearing was held was entitled to a presumption of correctness because the finding was supported by the record. The magistrate also found however that an evidentiary hearing was necessary to determine whether the trial court's competency determination was entitled to a presumption of correctness because the transcript of the hearing was unavailable as the stenographer's notes had been lost.
 
 
 4
 The respondent filed objections to the magistrate's report and submitted a psychiatric report dated August 21, 1975, and a transcript of a state evidentiary hearing held on a post-conviction motion. The district court referred the matter to the magistrate to reconsider the case in light of the new materials. The magistrate cancelled the evidentiary hearing and issued his second report finding that the psychiatric report fairly supports the state court's determination that Williams was competent to plead guilty. The district court adopted the magistrate's report after reviewing William's objections.
 
 
 5
 On appeal, Williams reasserts his claim and additionally argues that the district court should have held an evidentiary hearing. Williams has also filed a pro se motion for miscellaneous relief.
 
 
 6
 Upon review, we shall affirm the district court's judgment for the reasons stated in the magistrate's reports dated January 11, 1990, and April 12, 1990, as adopted by the district court. We also conclude that the district court did not abuse its discretion by declining to hold an evidentiary hearing because the state court's findings are adequately supported by the record. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 7
 Accordingly, the motion for miscellaneous relief is denied as moot, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation