932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel M. CHRISTOPHER, Petitioner-Appellant,
v.
Norris W. McMACKIN, Supt., Respondent-Appellee.
 No. 90-4015.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1991.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Daniel M. Christopher, a pro se Ohio prisoner, appeals the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 Christopher was indicted in January 1987 for aggravated murder with a gun specification in the shooting death of his friend. In June 1987, a jury convicted Christopher of the lesser included offense of murder with a gun specification. He was sentenced to fifteen years to life imprisonment for murder plus three years actual incarceration for the gun specification. The Ohio Court of Appeals affirmed Christopher's conviction on direct appeal in an opinion announced December 1, 1988. The Ohio Supreme Court subsequently denied leave to appeal.
 
 
 3
 Christopher presented six grounds for relief in his federal habeas petition: (1) denial of his right to a speedy trial, (2) improper admission of prejudicial photographs, (3) insufficient evidence, (4) failure to give a requested jury instruction on the lesser included offense of voluntary manslaughter, (5) denial of a motion to suppress out-of-court inculpatory statements, and (6) failure to give a jury instruction on involuntary manslaughter. All six grounds were presented to the state courts.
 
 
 4
 The district court denied Christopher's petition in its memorandum and order issued October 22, 1990. The court found Christopher's first five grounds for relief to be without merit and the sixth to be barred on the basis of procedural default.
 
 
 5
 On appeal, Christopher continues to argue the merits of his grounds for relief. In addition, he argues that the district court erred in declining to hold an evidentiary hearing and in not subjecting his case to adequate and stringent review. He has filed motions to appoint counsel and to expand the record.
 
 
 6
 Upon review, we affirm the district court's order because Christopher has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 7
 The district court was not required to hold an evidentiary hearing on Christopher's petition because none of the eight circumstances listed in 28 U.S.C. Sec. 2254(d) is present as shown by the petitioner, admitted by the state, or otherwise appears from the record. McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987). Absent an obligation under Sec. 2254 to hold an evidentiary hearing, the decision to conduct one is within the sound discretion of the district judge. Miller v. Fenton, 474 U.S. 104, 117 (1985). Christopher has failed to show that the district court abused its discretion in not holding an evidentiary hearing.
 
 
 8
 Christopher's second ground for relief is completely baseless. He notes that his case was transferred to Judge Young's docket on October 22, 1990, the same day Judge Young's opinion was filed. It is apparent that Judge Young had been working on Christopher's habeas petition for some time before the case was officially transferred to his docket. Nothing in support of Christopher's allegation can be inferred from the date of the order of transfer. Moreover, it is clear that Judge Young adequately and stringently considered Christopher's petition and issued a thorough and thoughtful opinion.
 
 
 9
 We find Christopher's grounds for relief concerning speedy trial, admission of photographs, insufficient evidence, failure to give a jury instruction on voluntary manslaughter, and suppression of inculpatory statements to be meritless for the reasons stated by the district court. Further, even if we were to reach the merits of Christopher's issue involving failure to give a jury instruction on involuntary manslaughter we would find that this issue does not merit habeas relief because the evidence does not support such an instruction. Accordingly, the motions to appoint counsel and to expand the record are denied. The district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.