38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jesse R. SINGLETERY, Petitioner-Appellant,
v.
Philip PARKER, Warden, Respondent-Appellee.
 No. 94-3514.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1994.
 
 Before: MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio state prisoner appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jesse R. Singletery was tried by a jury and convicted of one count of rape. He was sentenced to serve eight to twenty-five years of imprisonment. The Ohio Court of Appeals affirmed Singletery's conviction, and the Ohio Supreme Court dismissed Singletery's appeal for failure to raise a substantial constitutional question. In his petition for habeas relief, Singletery claimed that there was insufficient evidence to support his conviction. The case was submitted to a magistrate judge who recommended that the petition for habeas relief be denied. The district court adopted the magistrate judge's report and recommendation over Singletery's objections.
 
 
 3
 In his timely appeal, Singletery reasserts his insufficiency of the evidence claim and argues that the district court erred in failing to hold an evidentiary hearing.
 
 
 4
 Upon review of the record before this court, we conclude that the district court properly denied habeas relief because Singletery has failed to show that he received a fundamentally unfair trial resulting in unjust confinement. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The court considers issues on habeas corpus review de novo. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994).
 
 
 5
 Sufficient evidence was adduced at trial to establish each essential element of the crime. The offense of rape as codified at Sec. 2907.02 of the Ohio Revised Code (Baldwin 1992) provides in part that:
 
 
 6
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when either of the following apply:
 
 
 7
 (a) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug or intoxicant to the other person, surreptitiously or by force, threat of force, or deception.
 
 
 8
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of such person.
 
 
 9
 (2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
 
 
 10
 The victim testified that she was not married to Jesse Singletery. She further testified that on the evening of July 8, 1985, she voluntarily got into the car of an acquaintance named Larry Napier. The petitioner, Jesse Singletery, was in the car with Larry Napier and Walter Singletery. The victim and the three men drove to Napier's apartment. After a short time, the victim told Napier that she wanted to go home, but was forced into the bedroom, forcibly stripped of her clothing and undergarments, and whipped. Then, despite the victim's screams, protestations, and physical resistance, the three men took turns engaging in anal, vaginal, and oral sex with her. The victim specifically testified that the petitioner physically restrained her while another man inserted a mechanical device into her rectum. She also testified that the petitioner put his penis in her mouth. All of the events occurred without her consent. Sometime later, the men gagged the victim with a sock and once again took turns having sex with her. She was threatened with death if she told anyone about the attack and eventually was allowed to get dressed and leave. The victim positively identified the petitioner, Jesse Singletery, as one of her attackers. The victim's testimony alone provided the jury with an abundance of evidence, which if believed, would support a verdict of guilty.
 
 
 11
 Singletery's argument that the district court should have held an evidentiary hearing is without merit. An evidentiary hearing in the district court is not required unless one of the eight circumstances listed in 28 U.S.C. Sec. 2254(d) is present, as shown by the petitioner, admitted by the state, or as otherwise appears from the record. McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987). Singletery contends that an evidentiary hearing was mandatory in his case because: 1) the merits of the factual dispute were not resolved in the state court hearing, or 2) he did not receive a full, fair, and adequate hearing in the state court proceeding. 28 U.S.C. Sec. 2254(d). The gravamen of his argument is that he alleged facts which, if proven, would entitle him to habeas relief.
 
 
 12
 Nothing contained in the record before this court indicates that one of the Sec. 2254 criteria is present in this case. Singletery failed to allege any specific deficiency in the factfinding process of the Ohio courts, or cite to any factual dispute. Under these circumstances, no evidentiary hearing is required to double check the conclusions of the state court. See Sumner v. Mata, 449 U.S. 539, 550 (1981). Singletery's claim of insufficient evidence rests solely on the contents of the trial transcript, and the transcript provides evidence of every element of the crime of rape.
 
 
 13
 In addition, we presume that the state court proceedings are correct pursuant to Sec. 2254(d) because Singletery received a full, fair, and adequate state court hearing. See McMillan, 823 F.2d at 983-84 n. 3. Singletery was represented by counsel and exercised his right to cross-examine witnesses and present a defense. Moreover, the trial court instructed the jury on the elements of the crime of rape and the evidentiary standard of proof beyond a reasonable doubt.
 
 
 14
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.