47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles H. REED, Petitioner-Appellant,
v.
Michael O'DEA, Respondent-Appellee.
 No. 94-5907.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1995.
 
 Before: ENGEL, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Charles H. Reed appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Following a jury trial in the Fayette County, Kentucky, Circuit Court in 1985, petitioner was convicted of kidnapping, rape, and two counts of sodomy. The jury recommended that petitioner be sentenced to 20 years of imprisonment on each count, and the sentences were enhanced to life imprisonment on each count by virtue of his being found guilty of being a persistent felony offender in the first degree. The convictions were affirmed by the Kentucky Supreme Court on direct appeal.
 
 
 3
 Next, petitioner filed two habeas corpus actions which resulted in a remand to the district court by this court with instructions to grant habeas relief with respect to the prior felony conviction underlying petitioner's persistent felony offender conviction and with respect to the persistent felony offender conviction itself. Reed v. Sowders, Nos. 89-5529/5562/5616, 1990 WL 79215 (6th Cir. June 12, 1990) (per curiam). Thereafter, petitioner was resentenced by the state trial judge to three consecutive 20 years sentences for the kidnapping, rape and one of the sodomy convictions, plus a concurrent 20 year sentence for the remaining sodomy conviction, for a cumulative sentence of 60 years of imprisonment. On direct appeal, this sentence was vacated by the Kentucky Supreme Court because no new presentence investigation report was obtained by the sentencing court. In addition, the Supreme Court directed the trial court to explain the reasons for its sentence at resentencing to address petitioner's concern that an increased sentence may be retaliatory. On remand, a new trial court judge sentenced petitioner to two consecutive 20 year terms, plus two concurrent 20 year terms, for a cumulative sentence of 40 years of imprisonment. This sentence was affirmed by the Kentucky Supreme Court on appeal.
 
 
 4
 Next, petitioner filed his habeas petition in the district court alleging that: (1) the prosecutor and defense counsel withheld exculpatory evidence from him; (2) the prosecutor knowingly introduced falsified medical evidence at trial; and (3) the 40 year sentence he ultimately received is vindictive. Respondent moved to dismiss the petition or for summary judgment, and petitioner submitted a reply. The magistrate judge recommended that the petition be dismissed as without merit, and petitioner filed objections. Thereafter, petitioner filed a motion to hold the case in abeyance pending his pursuit of further remedies in state court or, in the alternative, to dismiss his habeas petition without prejudice. The district court denied the motion, adopted the magistrate judge's recommendation, and dismissed the petition with prejudice.
 
 
 5
 On appeal, petitioner claims that an evidentiary hearing is required and reiterates claims that medical evidence reflects his innocence and that the sentence imposed at his resentencing was retaliatory. Petitioner also contends that the magistrate judge failed to address other claims for relief. Respondent has notified the court that he does not intend to file a brief on appeal.
 
 
 6
 Upon consideration, we affirm the judgment of the district court for the reasons stated in the magistrate judge's proposed findings of fact and recommendation filed May 2, 1994, and adopted by the district court in its opinion and order filed June 22, 1994. First, petitioner's contentions on appeal regarding medical evidence are simply unsupported in the record and without merit. Further, petitioner's claim that his sentence violated due process as enunciated in North Carolina v. Pearce, 395 U.S. 711 (1969), is without merit because the sentence imposed is not longer than his original sentence, a different judge imposed the current sentence, and the reasons given for imposition of the sentence satisfy any concerns. See Gauntlett v. Kelley, 849 F.2d 213, 217-18 (6th Cir. 1988). Petitioner's contention on appeal that the magistrate judge failed to address other claims for relief was not addressed in petitioner's objections to the magistrate judge's report and recommendation and has therefore been waived. See Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Finally, petitioner's contention that an evidentiary hearing should have been conducted is meritless. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir. 1987).
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.