56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William CROSSTY, III, Petitioner-Appellant,
v.
Anthony J. BRIGANO, Warden, Respondent-Appellee.
 No. 94-4285.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 Before: KRUPANSKY, MILBURN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 William Crossty, III, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In 1990, Crossty pleaded guilty to murder with a firearm specification. He was sentenced to fifteen years to life for the murder offense which was to be served consecutively with a three year term of actual incarceration for the firearm specification. After exhausting his available state court remedies, Crossty filed his habeas petition arguing that his firearm specification violated his equal protection rights and that his trial counsel was ineffective because counsel: (1) failed to require a "factual basis" for the plea; (2) induced the plea even though an affirmative defense was available; and (3) did not object to the trial court's failure to advise Crossty of the nature of the charges against him. Upon de novo review of a magistrate judge's report and over Crossty's objections, the district court dismissed the petition as meritless.
 
 
 3
 In his timely appeal, Crossty only raises his ineffective counsel claim with regard to the nature of the charges which Crossty faced. Crossty also argues that the district court should have conducted an evidentiary hearing.
 
 
 4
 Upon review, we affirm the district court's judgment because Crossty has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir. 1993). Initially, we note that Crossty has failed to raise his equal protection, factual basis, and induced plea arguments on appeal. Therefore, these arguments are considered abandoned and are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir. 1986).
 
 
 5
 Crossty contends that his trial counsel was ineffective for not objecting to the trial court's failure to advise Crossty of the nature of the charges against him. To establish that his attorney rendered ineffective assistance, Crossty must show that his attorney's performance was so deficient as to render the proceedings unfair and the results unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). In the context of a guilty plea, while the performance prong of the Strickland test remains the same, to establish prejudice, Crossty must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas, 818 F.2d at 480. The record shows that Crossty clearly understood the charges against him and the sentence he would receive. Crossty has not shown that he would not have pleaded guilty but for his counsel's alleged errors. See Hill, 474 U.S. at 59; Thomas, 818 F.2d at 480. The argument is without merit.
 
 
 6
 Crossty contends that the district court erred by not conducting an evidentiary hearing on his habeas petition. No evidentiary hearing was required because none of the eight circumstances listed in 28 U.S.C. Sec. 2254(d) is present in this case. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir. 1987).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.