57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dan COVERT, Petitioner-Appellant,
v.
Michael O'DEA, Warden, Respondent-Appellee.
 No. 94-6653.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1995.
 
 1
 Before: JONES and RYAN, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Dan Covert, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In 1984, a jury convicted Covert of first degree rape, third degree rape, third degree sodomy, sexual abuse, solicitation, and possession of marijuana. He was sentenced to a total of twenty-five years of imprisonment. After exhausting his available state court remedies, Covert filed his habeas petition raising a plethora of issues. Upon de novo review of a magistrate judge's report and over Covert's objections, the district court dismissed the petition as meritless.
 
 
 4
 In his timely appeal, Covert raises the same issues that he presented to the district court. Covert also argues that the district court erred in not conducting an evidentiary hearing.
 
 
 5
 Upon review, we conclude that the district court properly denied Covert's petition for a writ of habeas corpus because Covert failed to show that he received a fundamentally unfair trial resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir. 1993).
 
 
 6
 Covert argues that he was denied his Sixth Amendment right to interrogate Patricia Crutcher as to her relationship with the police. During a suppression hearing, Crutcher exercised her Fifth Amendment right to remain silent. Covert contends that the trial court should have forced Crutcher to waive her Fifth Amendment right. Covert also contends that Crutcher's exercise of her Fifth Amendment right to remain silent violated his Sixth Amendment right to confrontation. While a defendant has a Sixth Amendment right to confront witnesses, a defendant's Sixth Amendment right does not override the Fifth Amendment rights of others. United States v. Whittington, 783 F.2d 1210, 1218-19 (5th Cir.), cert. denied, 479 U.S. 882 (1986). Therefore, the argument is meritless.
 
 
 7
 Covert believes that the property which Crutcher took from his apartment and gave to the police was illegally seized. The trial court held a suppression hearing concerning the property taken from Covert's apartment and found no Fourth Amendment violation. As Covert was given a full and fair opportunity to litigate his Fourth Amendment claim in the state courts of Kentucky, the issue is not cognizable on habeas review. Stone v. Powell, 428 U.S. 465, 494-95 (1976).
 
 
 8
 Covert asserts that the trial court, during a sidebar conference, stated "surely you are not going to let Dan testify." Covert argues that but for this statement, he would have testified. After the alleged comment was made and at the close of Covert's defense, the trial court questioned Covert as to whether he intended to testify on his own behalf. Covert solemnly declared that he voluntarily chose not to testify on his behalf. This declaration carries the presumption of truthfulness. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Given Covert's declaration to the trial court, the district court properly found this argument to be meritless.
 
 
 9
 Covert contends that the trial court erred by not severing his felony and misdemeanor offenses. To the extent that Covert contends that the trial court failed to comply with Kentucky's Criminal Rules of Procedure, the argument is not reviewable in this proceeding. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Furthermore, Covert has failed to show that the alleged prejudice he suffered outweighed society's need for a speedy, efficient trial. See United States v. Medina, 992 F.2d 573, 587 (6th Cir. 1993), cert. denied, 114 S. Ct. 1049 (1994).
 
 
 10
 Covert argues that there was insufficient evidence to support his convictions of third degree rape and third degree sodomy. However, a review of the record shows that a rational trier of fact could have found proof beyond a reasonable doubt that Covert committed the offenses for which he was charged. See Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 
 11
 Covert feels that his attorney was ineffective for several reasons. To establish that his attorney rendered ineffective assistance, Covert must show that his attorney's performance was so deficient as to render the proceedings unfair and the results unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Our review of the record shows that counsel's performance was not ineffective and did not prejudice Covert's defense. The argument is without merit.
 
 
 12
 Covert contends that the cumulative effect of all the alleged errors denied him a fair trial. However, as none of the alleged errors were prejudicial, Covert was not denied a fair trial. Finally, Covert argues that the district court erred in not conducting a hearing on his petition. However, not one of the eight circumstances listed in 28 U.S.C. Sec. 2254(d) is present in this case. Therefore, the district court was not required to conduct an evidentiary hearing. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir. 1987).
 
 
 13
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation