76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard MITCHELL, Petitioner-Appellant,
v.
Ron EDWARDS, Warden, Ross Correctional, Respondent-Appellee.
 No. 95-3593.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 Before: MERRITT, Chief Judge, CONTIE and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Bernard Mitchell, an Ohio prisoner represented by counsel, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1989 Mitchell pleaded guilty to five counts of rape. Three of the counts were dropped in exchange for his plea. Mitchell was sentenced to concurrent terms of ten to twenty-five years of imprisonment on each count. After exhausting his available state court remedies, Mitchell filed his habeas petition contending that his attorney was ineffective and that the trial court failed to inform him of the full range of sanctions which he could face as a result of his guilty plea. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as meritless.
 
 
 3
 In his timely appeal, Mitchell contends that the district court erred by deciding the case without an evidentiary hearing and that the record does not show that his guilty plea was knowingly, intelligently, and voluntarily entered.
 
 
 4
 Upon review, we affirm the district court's order because Mitchell has failed to establish that he was denied fundamental fairness, resulting in his unjust confinement. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 5
 Mitchell contends that his guilty plea was not voluntarily and intelligently entered, because his attorney improperly told him that the maximum sentence which he faced was life imprisonment. Mitchell contends that because life was not the maximum sentence he faced, he improperly relied on his counsel's advice in entering his plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). While not explaining that his sentences on each count could run either consecutively or concurrently, the trial court told Mitchell that each of the eight rape counts carried a maximum of twenty-five years of imprisonment and a $10,000 fine. As Mitchell was informed by the trial court as to the maximum sentence which he faced on each count, Mitchell was fully aware of the consequences of his plea.
 
 
 6
 Mitchell contends that the district court erred in not conducting a hearing on his petition. An evidentiary hearing in the district court is not mandatory unless one of the eight circumstances listed in 28 U.S.C. § 2254(d) is present. McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987). Because none of the factors in § 2254(d) exists in this case, the district court was not required to conduct an evidentiary hearing.
 
 
 7
 Accordingly, we affirm the district court's order.